The facts tending to establish the foregoing grounds for issuance of a search warrant are as follows:

1. Your affiant is currently assigned as a Special Agent for the Wyoming division of Criminal Investigation, assigned to the North East Enforcement Team, and is a peace officer as defined in Wyoming State Statutes 9-1-611 (a) and 9-1-611 (b) (iv) and Wyoming Statute 7-2-101 (a) (iv) (D) and is thus accorded the power and authority of an agent, as defined in Wyoming State Statute 9-1-618 (b) (ii), which provides in pertinent part that the "...Division (and it's Agents) shall investigate suspected violations of the Wyoming Controlled Substance Act of 1971, 35-7-1001 et seq., and (shall) perform all the duties of a law enforcement officer under this act."

2. Your affiant was employed at the Sheridan Police Department as a Communication Officer / Supervisor for approximately six years. Your affiant was then employed as a Sheridan Police Officer for four years until becoming employed at the Sheridan County Sheriff's Office as a Deputy Sheriff. Your affiant has been employed at the Sheridan County Sheriff's Office for five years and four months. Your Affiant has been assigned to the Wyoming Division of Criminal Investigation since March of 2009. Your affiant has been involved in the investigation of both state and federal controlled substance violations, including street level undercover purchases, execution of search warrants, major level conspiracy investigations and domestic marijuana growing operations. Your affiant has made numerous arrests for controlled substance violations, which have resulted in both misdemeanor and felony convictions in state and federal courts.

3. Your affiant has received training related to the investigation of controlled substance violations from the Wyoming Law Enforcement Academy, Wyoming Division of Criminal Investigation and the United States Drug Enforcement Administration. The training has covered subjects ranging from simple drug identification to major drug conspiracy investigations.

4. Based upon the above, your affiant knows the following:

    A. That often times controlled substance traffickers / distributors maintain on hand large amounts of U.S. Currency in order to finance their ongoing controlled substance business;

    B. That controlled substance traffickers / distributors often maintain items such as driver's licenses, phone bills, rent receipts, checks, canceled mail envelopes, utility bills, ledgers, and personal written or electronic diaries, which are commonly used to help identify the person or persons responsible for a crime, and used in court during prosecution of those person;

    C. That controlled substance traffickers / distributors often maintain books, records, receipts, notes, ledgers, money orders, money transfer receipts such as Western Union, MoneyGram, and Greendot, and other documents;

    D. That controlled substances traffickers/distributors commonly maintain address or telephone number books and documents which reflect names, addresses and/or telephone numbers of their associates in the trafficking/distribution organization. Furthermore, that it is common for those involved in the distribution of

10-CR-329-F Disclosed to Peter Timberson 12/23/10