investigative or law enforcement officer authorized to conduct the interception. It is further requested, pursuant to Section 2518(5), Title 18, United States Code, that in the event the intercepted communications are in a code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, that minimization may be accomplished as soon as practicable after such interception.

72.  The investigative or law enforcement officers, monitors and translators, if necessary, who are to carry out the requested interception of wire communications will be instructed concerning the steps they should take to avoid infringing upon any recognized privilege, such as attorney-client privilege or doctor-patient privilege.

73.  All monitoring of electronic communications will be conducted in accordance with Chapter 119 of Title 18, United States Code. Each text message will be reviewed and a monitoring agent will determine, based on the identities of the sender and recipient and the content of the message, whether the text message appears to be criminal in nature. If the message is not criminal in nature, the message will be marked "non-pertinent". It will then be stored and secured until it is turned over to the court with the other intercepted communications upon the expiration of the court's order authorizing the interception. It is anticipated that the monitoring location will not be staffed at all times, and will be kept secure with access limited to only authorized personnel. If a text message is pertinent, it will be shared with the agents and officers investigating this case. If a text message is not pertinent, or is privileged, it will not be disseminated to members of the investigating team.

_____
Travis J. Harnish, Special Agent
Wyoming Division of Criminal Investigation

Subscribed and sworn to before me this 25th day of August, 2010.



_____
UNITED STATES DISTRICT COURT JUDGE

48

Attachment C-2