Peter J. Timbers
Schwartz, Bon, Walker & Studer, LLC
141 S. Center Street
Suite 500
Consolidated Royalty Building
Casper, WY 82601
(307) 235-6681 (Telephone)
(307) 234-5099 (Facsimile)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 10-CR-329-F |
| | ) | |
| **Miguel Angel Ordaz**, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ORDAZ PROPOSED JURY INSTRUCTIONS**

**COMES NOW**, Peter J. Timbers of Schwartz, Bon, Walker & Studer, LLC, and hereby submits proposed jury instructions with cites and reserves his right to further supplement said jury instructions with cites.

**DATED** this 19th day of October, 2011.

        Peter J. Timbers, Wyoming Bar No. 6-4285
        Schwartz, Bon, Walker & Studer, LLC
        Attorney for Employee/Claimant
        141 S. Center Street, Suite 500
        Casper, WY  82601
        (307) 235-6681 and (307) 234-5099 (Facsimile)

## ORDAZ JURY INSTRUCTION NO.  1

Direct or indirect efforts by the Government to fabricate evidence may be considered an admission that the Government has no sufficient case unless aided by the fabrication of evidence.

GIVEN: _____

REFUSED: _____

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Authority:  32 Cal.App. 139, 162 P. 412, *M. G. Silva v. Northern California Power Compnay* (Civ. No. 1562, Cal. 1916) (citing 1 *Jones on Evidence*, § 22a).

## ORDAZ JURY INSTRUCTION NO.  2

The Government's fabrication of evidence raises a presumption against the Government's case against the Defendant because the Government benefits from such fabrication.

GIVEN: _____

REFUSED: _____

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Authority:  32 Cal.App. 139, 162 P. 412, *M. G. Silva v. Northern California Power Compnay* (Civ. No. 1562, Cal. 1916).

## ORDAZ JURY INSTRUCTION NO.  3

  The Government's conduct with regard to fabrication of evidence and/or violation of established evidentiary procedures can be viewed as both (1) an obstruction of justice and (2) an admission by the Government's that its case is weak.  By resorting to wrongful devices, such as fabrication of evidence and violation of established evidentiary procedures, the Government provides a basis for establishing that the Government believes that its case cannot be won by fair means.

GIVEN: _____

REFUSED: _____

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Authority:  *McCormick on Evidence*, Fourth Edition, West Publishing Company 1993, Title 3, Admissions and Exclusions, § Admission by Conduct: (e) Misconduct Constituting Obstruction of Justice; citing 2 Wigmore, *Evidence* § 278, 291 (Chadburn rev. 1979) Gorelick, Marzen & Solum, *Destruction of Evidence* (1989), Solum & Marzen, *Truth and Uncertainty*; *Legal Control of the Destruction of Evidence*, 36 Emory L.J. 1085 (1987), Maguire & Vincent, *Admissions Implied from Spoliation or Related Conduct*, 45 Yale L.J. 226 (1935), Comment, 19 Mem.St.U.L.Rev. 229(1989); Dic. Dig.Criminal Law §§ 351(8), 351(10), Evidence §§ 78, 79, 100, 219(2), C.J.S. Evidence §§ 151-155, 293, *United States v. Wilkins*, 385 F.2d 465 (4th Cir. 1967), cert denied 390 U.S. 951 (letter fabricated to explain failure to report income for tax purposes), *Western States Grocery Co. v. Mirt*, 190 Okl. 299, 123 P.2d 266 (1942) (falsified witness statement placed into evidence).

## ORDAZ JURY INSTRUCTION NO. 4

The fabrication of evidence raises a presumption or inference that the Government's case is without substantial foundation.

GIVEN: _____

REFUSED: _____

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Authority:   29 Am. Jur. 2d Evidence § 255, *American Jurisprudence, Second Edition,* Updated August 2011, Evidence George Blum, J.D., John Bourdeau, J.D., Romualdo P. Eclavea, J.D., Janice Holben, J.D., Alan J. Jacobs, J.D., Fern Kletter, J.D., Jack K. Levin, J.D., Lucas Martin, J.D., Eric C. Surette, J.D.Barbara J. Van Arsdale, J.D., and Anne E. Melley, J.D., of the staff of the National Legal Research Group, Inc., IV. Presumptions, E. Particular Presumptions, 4. Nonproduction, Suppression, or Fabrication of Evidence, a. In General, citing Kuhnen *v. Kuhnen*, 351 Ill. 591, 184 N.E. 874 (1933); *Nowack v. Metropolitan St. Ry. Co.*, 166 N.Y. 433, 60 N.E. 32 (1901); *Western States Grocery Co. v. Mirt*, 1942 OK 108, 190 Okla. 299, 123 P.2d 266 (1942); *Hall v. Pennsylvania R. Co.*, 257 Pa. 54, 100 A. 1035 (1916).

**ORDAZ JURY INSTRUCTION NO.  5**

The Government's fabrication of data or violation of established evidence handling procedures is competent evidence to be considered an admission by the Government through its acts and conduct that the Government's case is weak and its evidence dishonest.

GIVEN: _____

REFUSED: _____

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Authority:   29 Am. Jur. 2d Evidence § 255, *American Jurisprudence, Second Edition,* Updated August 2011, Evidence George Blum, J.D., John Bourdeau, J.D., Romualdo P. Eclavea, J.D., Janice Holben, J.D., Alan J. Jacobs, J.D., Fern Kletter, J.D., Jack K. Levin, J.D., Lucas Martin, J.D., Eric C. Surette, J.D.Barbara J. Van Arsdale, J.D., and Anne E. Melley, J.D., of the staff of the National Legal Research Group, Inc., IV. Presumptions, E. Particular Presumptions, 4. Nonproduction, Suppression, or Fabrication of Evidence, a. In General, citing *People v. Davis*, 43 N.Y.2d 17, 400 N.Y.S.2d 735, 371 N.E.2d 456 (1977).